UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOY KIMBERLY BRADFORD

    *Plaintiff,*

    *v.*

COMPILE, INC. d/b/a
BETTERHELP, INC.

    *Defendant.*

CIVIL ACTION NO.

1:22-cv-02954-LMM

## CONSENT PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), ORDERED:

1.    **Definitions**.

a. "**Confidential Information**" may include any document, thing, material, testimony, or other information produced, presented, or obtained through the discovery process in the instant litigation that is, includes, or constitutes information that the designating party (which may include a third party) has a good-faith basis for contending is a non-public trade secret, or confidential technical, scientific, commercial, business, or financial information; or is otherwise confidential to its business that disclosure to persons other than

1

Qualified Persons (as defined herein) pursuant to this Protective Order would reveal to the public or competitors information that could result in substantial commercial injury to the designating party.

b.  "**Attorneys' Eyes Only Information**" shall mean any type or classification of Confidential Information produced, presented, or obtained through the discovery process in the instant litigation that a party (which may include a third party) believes the mere disclosure of the information would cause substantial competitive harm. **All documents and information designated as such and all copies thereof (collectively, "Attorneys' Eyes Only Information") shall be treated as highly confidential and shall not be disclosed except as provided in this Protective Order, or other court orders.**

2.     **Nondisclosure of Documents Designated as Confidential or Attorneys' Eyes Only**. Except with the prior written consent of the party or other person (including third parties) originally designating a document as a confidential document, as hereinafter provided under this Protective Order, or upon order of the Court, no designated confidential document may be used by the receiving party or disclosed to any person for any purpose other than in connection with this litigation. Material designated as "confidential" or "attorneys' eyes only" shall not be disclosed by the receiving party to anyone other than those persons designated in paragraphs 3 or 4, below, consistent with the provisions therein, as the case may be, unless and until the restrictions herein are removed by order of the Court or by the producing party (which may include a third party). A document designated as a "confidential document" means any document which contains Confidential Information and bears

the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). A document designated as an "attorneys' eyes only document" means any document which contains Confidential Information and bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Attorneys' Eyes Only" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this action for any purpose, except as provided herein. Nothing in this Protective Order shall bar or otherwise restrict a producing party from having access to or using, without notification of any other party or nonparty, Confidential Information or Attorneys' Eyes Only Information that the producing party has produced in this action.

Confidential Information and Attorneys' Eyes Only Information do not include materials or information that: (a) were in the public domain; (b) come into the public domain through no action of any receiving party; or (c) are within the possession or knowledge of any receiving party prior to their production in the instant litigation or which are obtained by any receiving party independent of the production in the instant litigation. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rules 33 or 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests

for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a designated confidential document or a designated attorneys' eyes only document, but, to the extent feasible, shall be prepared in such a manner that the confidential information or attorney's eyes only information is bound separately from that not entitled to protection.

      3.      **Permissible Disclosures**. Notwithstanding paragraph 2, documents designated as confidential documents may be disclosed to a "*Qualified Person*." For purposes of this Protective Order, the term "Qualified Person" includes the following:

a. Counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the attorneys, secretaries, paralegal assistants, and employees of such counsel, and litigation support personnel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons retained by the parties for operating recording equipment at depositions as noticed, and any special master appointed by the Court);

b. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

c. Officers or employees of the parties to the extent reasonably necessary to assist counsel in the prosecution or defense of this action;

d. To outside consultants or experts retained for the purpose of assisting counsel in the litigation, including their secretarial and clerical personnel, provided, however, that in all such cases the individual to whom disclosure is to be made has signed the form set forth in Exhibit A;

e. This Court and any court of appellate jurisdiction and their staffs;

f. Members of the jury in this case;

g. Any other persons with the prior written consent of the producing party; and

h. Any other persons with the prior authorization of the Court.

4.   **Restrictions on Use of Attorneys' Eyes Only Information.** Documents containing information designated as Attorneys' Eyes Only documents shall be used ***only for the purposes of this litigation*** and shall not be publicized, revealed, or otherwise made available to any person other than a person expressly listed in section 4(a) of this Protective Order.

(a) Attorneys' Eyes Only Information may only be provided to:

   i.   Attorneys (including staff and other law firm personnel) representing the Parties in this litigation;

   ii.  Anyone who was explicitly or implicitly permitted to have pre-production access to the document or information in question, including but not limited to the drafter or pre-production recipient the document or information in question;

   iii. Expert witnesses or consultants hired by counsel who, prior to the disclosure of Attorneys' Eyes Only Information, have signed the form set forth in Exhibit A;

iv.   This Court and any court of appellate jurisdiction and their staffs;

v.    Any court reporters and/or videographers present in their official capacity at any hearing, deposition, or other proceeding in this litigation;

vi.   Members of the jury in this case;

vii.  Litigation support personnel (*e.g.,* document storage vendors, trial graphics preparation and/or presentation vendors, etc.) to the extent reasonably necessary to render professional services in the litigation;

viii. Any other persons with the prior written consent of the Producing Party; and

ix.   Any other persons with the prior authorization of the Court.

5.      **Disclosure to Non-Party Experts and Consultants**. A party desiring to disclose documents or other Materials designated as "Confidential" or "Attorneys' Eyes Only" to non-party experts or consultants shall first obtain from each expert or consultant a completed consent form in the form attached as Exhibit A. Disclosure shall not be made to any consultant or expert if counsel for the Party retaining that expert or consultant has actual knowledge that the expert or consultant has been found to have violated the terms of a protective order in any litigation or legal proceeding.

6.      **Declassification**. Should a party (including third parties or an aggrieved entity permitted by the Court to intervene for such purpose) dispute whether a document designated as "Confidential" or "Attorneys' Eyes Only" is entitled to such status and protection, **such challenge must be made prior to the later of the close of discovery or within 14 days of receipt of the document**. The party or other person (including third parties) that designated the document as

6

Confidential or Attorneys' Eyes Only shall be given notice of the application and an opportunity to respond. The Parties agree to attempt to resolve any disagreement by following the procedure prescribed by the Court for resolving any disagreement. To maintain confidential status, the proponent of confidentiality must show that there is good cause for the document to have such protection.

7.      **Confidential Information and Attorneys' Eyes Only Information in Depositions**. Parties (and deponents) may, within 14 days after receiving the transcript, designate portions of the transcript (and exhibits thereto) as Confidential or Attorneys' Eyes Only to the extent appropriate. Confidential Information or Attorneys' Eyes Only Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential" or "Attorneys' Eyes Only". Until expiration of the 14-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order except as set forth above. If no party or deponent timely designates Confidential Information or Attorneys' Eyes Only Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8.      **Confidential Information and Attorneys' Eyes Only Information at Trial**. Subject to the Federal Rules of Evidence, documents designated as Confidential, Attorneys' Eyes Only, and other confidential information may be offered in evidence at trial or any court hearing. Any party seeking to prohibit

7

disclosure of documents designated as Confidential, Attorneys' Eyes Only, and other confidential information at trial or any court hearing has the burden of demonstrating the necessity to protect against the disclosure of the Confidential or Attorneys' Eyes Only Information prior to the trial or hearing. **A party who seeks to introduce Confidential or Attorneys' Eyes Only Information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.** If the party who designated the information as protected requests the protection be continued, the Court will conduct an *in camera* review of the information to determine if the information is entitled to continued protection.

9.    **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders the production of documents designated as Confidential or Attorneys' Eyes Only that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document as Confidential or Attorneys' Eyes Only of the pendency of such subpoena or order.

10.    **Filing**. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with paragraph III(g) of the Court's Standing Order Regarding Civil Litigation. and Appendix H to the Local Rules of the Northern District of Georgia.

11.    **Use**. Persons obtaining access to documents designated as Confidential

8

or Attorneys' Eyes Only and/or confidential information under this Protective Order shall use the documents and/or information for the preparation and trial of this litigation (including appeals and retrials), and shall not use such documents and/or information for any other purpose, including business, governmental, or commercial.

12.   **Termination**. Within thirty-five (35) days of final termination of this action, whether by judgment, settlement or, otherwise, upon written request from counsel for a party or person that produced documents designated as Confidential or Attorneys' Eyes Only (the "Supplying Party"), counsel for all Parties shall return to counsel for the Supplying Party all materials and all copies thereof in his/her possession that were designated by Supplying Party as "Confidential" or "Attorneys' Eyes Only" in accordance with this Protective Order and/or, in the alternative, shall provide a written statement to counsel for the Supplying Party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition exhibits, discovery responses, legal memoranda, correspondence or attorney work product, even if such contain "Confidential" or "Attorneys' Eyes Only" materials. Any such archival copies that contain or constitute "Confidential" or "Attorneys' Eyes Only" materials remain subject to this Protective Order.

13. **Modification Permitted**. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Waiver**.

a. Review of the documents designated as Confidential or Attorneys' Eyes Only by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents and/or information or objections to production.

b. The inadvertent, unintentional, or *in camera* disclosure of documents designated as Confidential or Attorneys' Eyes Only shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Inadvertent disclosure or production of or failure to designate any materials or information as Confidential Information or Attorneys' Eyes Only Information shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the Confidential Information or Attorneys' Eyes Only Information designation, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the producing party with a demand that it be marked with the appropriate designation as required by this Protective Order. The receiving party must treat such information as Confidential Information or Attorneys' Eyes Only Information from the date designation is received. Disclosure, prior to the receipt of designation, of such information that

10

was inadvertently not designated Confidential Information or Attorneys' Eyes Only Information to persons not authorized to receive Confidential Information or Attorneys' Eyes Only Information shall not be deemed a violation of this Protective Order. However, after receipt of designation, the receiving party must use its best efforts to immediately retrieve all information or materials that are Confidential Information or Attorneys' Eyes Only Information that is in the possession or control of persons not authorized to receive Confidential Information or Attorneys' Eyes Only Information.

14.     **Right of "Clawback**." The parties (including third parties) shall have the right of "clawback" of documents covered by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine ("Protected Documents") which inadvertently may be produced by one party to the other:

a.  If Protected Documents inadvertently are produced, the producing party may, within 14 days of it discovering the inadvertent production, give written notice to the receiving party specifically identifying the Protected Documents and assert the attorney-client privilege (or similar evidentiary privilege) or work product doctrine.

b.  14 days after receiving such written notice, the receiving party shall return the Protected Documents without retaining a copy.

c.  The receiving party, however, retains the right to file a Motion seeking a ruling from the Court that such documents are not protected by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine. The producing party shall have the burden of proving that such documents were

11

inadvertently produced and are protected by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine.

d. Upon receiving such a Motion, the producing party shall sequester such materials in the event *in camera* inspection is requested.

e. If any party receives documents from another party that appear to contain information that would make it a Protected Document, then the receiving party agrees to immediately cease its review of the Protected Document and notify the producing party. **The producing party then will have 14 days to assert the attorney-client privilege (or similar evidentiary privilege) or work product doctrine, and to request the return of the document. If the document is requested to be returned, it must be returned within seven days.** Any document returned upon request by the producing party must be sequestered in the event *in camera* inspection is requested.

f. The parties agree that any inadvertent production of Protected Documents shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. **The parties agree, however, the disclosure of any Protected Documents shall cease to be "*inadvertent*" if the receiving party notifies the producing party that Protected Documents have been produced, and the producing party does not request the return of the Protected Documents within 14 days.**

g. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

SO ORDERED, this __17th__ day of ___July_____, 2023.

_Leigh Martin May_____
Honorable Leigh Martin May
Judge, United States District Court for
the Northern District of Georgia

CONSENTED: July 15, 2023

/s/ *Sivonnia DeBarros* (with consent)
Sivonnia DeBarros
(admitted *pro hac vice*)

SL DEBARROS LAW FIRM, LLC
720 S Eastwood Dr, 298
Woodstock, IL 60098
Phone: (708) 234-7298
Fax: (708) 843-5846
sdebarros@sldebarros.com

Brittany K. Anderson
(Ga Bar No. 489271)

ANDERSON O'NEAL, LLC
3343 Peachtree Rd. NE, Ste 1025
Atlanta, GA 30326
brittany@andersononeal.com

*Counsel for Plaintiff*
*Kimberly Joy Bradford*

/s/ *Charles M. Landrum III*
N. Andrew Crain
(Ga Bar No. 193081)
Charles M. Landrum III
(Ga Bar No. 312056)

THOMAS | HORSTEMEYER LLP
3200 Windy Hill Road SE Suite
1600E
Atlanta, GA 30339
Phone: (770) 933-9500
Fax: (770) 951-0933
a.crain@thip.law
c.landrum@thip.law

*Counsel for Defendant*
*BetterHelp, Inc. f/k/a Compile, Inc.*

13

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JOY KIMBERLY BRADFORD

    *Plaintiff,*

    *v.*

COMPILE, INC. d/b/a
BETTERHELP, INC.

    *Defendant.*

CIVIL ACTION NO.

1:22-cv-02954-LMM

**APPENDIX A TO PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____ .
2.  My current employer is _____ .
3.  My current occupation is _____ .
4.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.
5.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that is disclosed to me.
6.  Promptly upon termination of this actions, I will return all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.
7.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature_____ Date _____

1